**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**GARY SERRANO, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**STERLING TESTING SYSTEMS, INC.,**

**Defendant.**

**C.A. No. 07-4563**

**CLASS ACTION**

## ORDER

AND NOW, this _____ day of _____, 2009, upon consideration of Plaintiff's Motion to Compel Verified Answers to Interrogatories and Document Requests, and any response from Defendant Sterling Testing Systems, Inc., it is HEREBY ORDERED as follows:

1.      The Motion is GRANTED.

2.      Within ten (10) days of the entry hereof, Defendant is ORDERED to fully and completely answer Interrogatories 5-9 and 21-24 and produce all documents responsive to Document Request Nos. 7, 17-25 and 28.

3.      Defendant is further ORDERED to submit a supplemental verification for all supplemental answers to Interrogatories.

4.      If Defendant contends that any of its answers or responsive documents are covered by applicable privilege, then Defendant is ORDERED to produce a privilege log. Such a privilege log should include, at a minimum, the following:  the communication; identity of the participants; type of communication; description of general subject matter; contents of communication; present location and custodian of the communication and documents; identity of

all persons to whom the contents of the communication or documents have been disclosed; purposes for which the communication was prepared; and, nature of the privilege being asserted for withholding the communication or the document.

5.     Plaintiff shall submit a record of the time and expenses expended in filing his Motion to Compel Verified Answers to Interrogatories and Document Requests within fifteen (15) days of the entry hereof so that the Court may enter an order awarding attorney's fees and costs for said Motion.

_____
Gene E. K. Pratter, U.S.D.J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY SERRANO, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **C.A. No. 07-4563** |
| **v.** | |
| **STERLING TESTING SYSTEMS, INC.,** | **CLASS ACTION** |
| **Defendant.** | |

## PLAINTIFF'S MOTION TO COMPEL VERIFIED ANSWERS TO INTERROGATORIES AND DOCUMENT REQUESTS

Plaintiff Gary Serrano, by counsel, hereby moves this Court for an Order compelling Defendant Sterling Testing Systems, Inc. ("Sterling") to provide full and complete answers to outstanding Interrogatories and to produce all requested documents. In support of his Motion, Plaintiff avers as follows:

1.     Plaintiff served Interrogatories and Document Requests upon Defendant on July 15, 2008.

2.     On July 17, 2008, the Court entered an Scheduling Order (Doc. 23) requiring, among other things, that all fact discovery proceed promptly in order to be completed by January 15, 2009, and Plaintiff's motion for class certification be filed on or before April 6, 2009.

3.     Defendant requested and received an extension of several months to answer Plaintiff's discovery requests. Defendant's responses were served on November 6, 2008.

4.     The Defendant's responses were inadequate in multiple ways. In an attempt to obtain appropriate responses, a letter was sent to defense counsel dated November 12, 2008, attached as Exhibit A.

5.      Defendant proceeded to supply additional documents.   However, the other concerns expressed in counsel's November 12 letter were not addressed.  Consequently, counsel sent another letter to Defendant's counsel, dated December 2, 2008, reiterating the request for full compliance with outstanding discovery requests. *See* Exhibit B hereto.

6.      Again, Defendant provided some responsive documents.  But, again, the bulk of the outstanding discovery requests were ignored.  This was communicated to defense counsel in an email dated December 12, 2008, Exhibit C hereto.

7.      Since the December 12 email, Defendant has produced no responsive discovery with the exception of an undated Verification to the Interrogatories.

8.      Currently, Defendant remains non-compliant with outstanding discovery requests with respect to Interrogatories 5-9 and 21-24, as will as with respect to Document Requests 7, 17-25 and 28.  In accordance with Local Rule 26.1(b), the relevant parts of said requests and the Defendant's responses are set forth verbatim in Exhibit D hereto.

9.      Plaintiff, as of December 16, 2008, has scheduled a Rule 30(b)(6) deposition of the Defendant for January 13, 2009.  However, that deposition will be pointless if the Defendant is not required to produce all outstanding discovery immediately.

10.     The relevancy of Plaintiff's discovery requests and the impropriety of Defendant's refusal to fully and completely respond to the outstanding discovery is addressed in the accompanying Memorandum of Law.

11.     I hereby certify, in accordance with Local Rule 26.1(f), that reasonable and good faith efforts to resolve the discovery disputes have been made.  The details of those efforts are set forth above and in the attached Exhibits A-C.

WHEREFORE, Plaintiff requests, pursuant to Fed. R. Civ. P. 37(a)(3)(B), that this Court

enter an Order compelling the Defendant to provide Plaintiff with full and complete answers to

all outstanding discovery requests.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: December 31, 2008

James A. Francis
John Soumilas
100 S. Broad Street, 19th Floor
Philadelphia, PA  19110
(215) 735-8600

**DONOVAN SEARLES, LLC**

By:    *s/ David A. Searles*
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class

# EXHIBIT A

# DONOVAN SEARLES, LLC

ATTORNEYS AT LAW
1845 WALNUT STREET
SUITE 1100
PHILADELPHIA, PA 19103
(215) 732-6067
FAX (215) 732-8060
www.donovansearles.com

DAVID A. SEARLES
dsearles@donovansearles.com

November 12, 2008

**VIA ELECTRONIC MAIL**

Andrew M. Schwartz, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

     Re:    **Gary Serrano v. Sterling Testing Systems, Inc.
            C.A. No. 07-4563**

Dear Mr. Schwartz:

     I am writing with respect to Defendant's responses to the Plaintiff's First Request for Production of Documents and First Set of Interrogatories. We provided you with almost three months of an extension to answer the discovery requests, and are disappointed at the multitude of inappropriate objections and the apparently stonewalling stance that Defendant has chosen to adopt. Because Defendant's responses are insufficient in many respects, we request a prompt meeting to confer concerning the insufficiencies. As you know, the discovery deadline is approaching and we do not want further delay.

     <u>**Responses to Interrogatories**</u>

     First, there is no verification attached to the interrogatory answers, which violates Rule 33(b)(3), (5). Please supply a verification immediately.

     **Interrogatories 5 and 6** - these interrogatories seek the identity of person(s) included in the decisions to use the language contained in the Form Paragraph. Defendant has objected to these interrogatories, but has also stated that an investigation is ongoing. So that we may pursue this legitimate avenue of investigation, please immediately supply us with the identity of the person(s) involved in the ongoing investigation.

DONOVAN SEARLES, LLC

Andrew M. Schwartz, Esquire
November 12, 2008
Page -2-

**Interrogatories 7, 8 and 9** – these interrogatories seek the identity of attorneys who provided advice or counsel concerning the Form Paragraph and or communications relating thereto. Defendant has objected on grounds of privilege. We do not believe this is an appropriate objection, as the information in question is relevant to the issue of willfulness under the statute. Moreover, to the extent Defendant seriously contends that there exists a privilege, a privilege log is required. Such a privilege log should include, at a minimum, the following: the communication; identity of the participants; type of communication; description of general subject matter; contents of communication; present location and custodian of the communication and documents; identity of all persons to whom the contents of the communication or documents have been disclosed; purposes for which the communication was prepared; and, nature of the privilege being asserted for withholding the communication or the document.

**Interrogatory 16** – the Defendant's net worth is relevant to the Plaintiff's claim for punitive damages. We note that Defendant's response to Document Request no. 8 indicates that this information will be produced subject to a protective order. As such, please withdraw the objection to Interrogatory 16.

**Interrogatory 21** – this interrogatory seeks the factual support for each affirmative defense listed in Defendant's Answer to the Complaint. Please confirm that there are no facts upon which the Defendant relies other than as listed in its response to Interrogatory 21. However, if there are indeed any other facts upon which Defendant relies, those should be disclosed immediately.

**Interrogatory 22** – the objection to the word "sell" is not well taken. Please provide an appropriate response using the common sense definition of the term. Additionally, the objection as to burdensomeness and relevancy is also inappropriate, as the issues raised by the interrogatory go to the heart of Plaintiff's claims.

**Interrogatory 23** – Defendant's response is vague and unhelpful. Defendant is required to describe all circumstances under which it places credit information on consumer reports that is older than 7 years. Defendant should at a minimum cite the statutory previsions to which it refers.

**Interrogatory 24** – Defendant's response is insufficient. At a minimum, Defendant should identify person(s) who can testify concerning the number of consumer disputes during the relevant time period.

DONOVAN SEARLES, LLC

Andrew M. Schwartz, Esquire
November 12, 2008
Page -3-

### Request for Production of Documents

**Document Request 7** – Defendant's response indicates that an investigation is ongoing. Please identify the person(s) involved in such investigation. Also provide us with the date by which that investigation will completed.   In the alternative, please confirm that the Defendant will not attempt to introduce any evidence with respect to the documents described.

**Document Requests 11, 12 and 13** – these requests concern policy and procedure manuals or other documents which are relevant to the claims raised in the case.  Defendant's objection as irrelevant is not well taken.  Please produce the requested documents at once.

**Document Requests 18 and 19** – as discussed above in connection with the responses to interrogatories, documents and advice from counsel are all relevant to the claims raised in the case.  To the extent Defendant maintains its privilege objection, a privilege log as described above is required to be produced immediately.

**Document Request 20** – information concerning public sources Defendant has used to acquire arrest and conviction records is clearly relevant to the claims asserted and should be produced immediately.

**Document Request 21** – information concerning the language included in the Form Paragraph that is at the center of the case is clearly relevant and discoverable, and should be produced immediately.  Should the Defendant persist in its claim that such documents are privileged, a privilege log should be produced immediately.

**Document Request 24** – although Sterling has objected to this request, it appears, in its answer to Interrogatory 2, it will produce the requested information.  Please confirm that to be the case.

**Document Request 28** – Defendant has objected to producing records of its attorneys fees and costs.  Plaintiff will agree to defer the issue at the present time, with the understanding that he is not waiving his objection to Defendant's refusal to produce such records later in the litigation, such as in connection with any fee application filed in the case.  Please confirm your agreement.

DONOVAN SEARLES, LLC

Andrew M. Schwartz, Esquire
November 12, 2008
Page -4-


     Please contact us upon your review of this letter to schedule a meeting to address these issues.  We would like to meet no later than the end of this week.


                           Very truly yours,



                           DAVID A. SEARLES

DAS/tmc
cc: James A. Francis, Esquire (via email)
    John Soumilas, Esquire (via email)

# EXHIBIT B

# DONOVAN SEARLES, LLC

ATTORNEYS AT LAW
1845 WALNUT STREET
SUITE 1100
PHILADELPHIA, PA 19103
(215) 732-6067
FAX (215) 732-8060
www.donovansearles.com

DAVID A. SEARLES
dsearles@donovansearles.com

December 2, 2008

**VIA ELECTRONIC MAIL**

Andrew M. Schwartz, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

> Re:   **Gary Serrano v. Sterling Testing Systems, Inc.**
>        **C.A. No. 07-4563**

Dear Mr. Schwartz:

I am writing again in connection with Defendant's insufficient responses to the Plaintiff's First Request for Production of Documents and First Set of Interrogatories, served upon you on July 15, 2008. Your client has now had almost five months to provide full and complete answers to the discovery requests.

I wrote to you on November 12 specifying the lack of appropriate response and requesting a prompt meeting to confer concerning the insufficiencies. We have received no formal response to that letter, aside from the confidential documents delivered on November 20 relating to the class list and Defendant's financial information.

Immediately following the delivery of those documents, Mr. Francis sent you an email pointing out that Defendant still had not produced the requested "policy and procedure manuals/memoranda" as well as documents responsive to other requests. We have heard nothing from you in reply.

DONOVAN SEARLES, LLC

Moreover, we have had absolutely no response to the following specific concerns raised in my November 12 letter:

**Responses to Interrogatories**

Absence of verification attached to the interrogatory answers; failure to answer Interrogatories 5-9, 21-24; failure to supply a privilege log.

**Request for Production of Documents**

Failure to produce documents responsive to requests nos. 7, 11-13, 18-21, 24, 28.

Please comply with the outstanding discovery requests immediately.  In the absence of any substantive progress, we intend to submit an appropriate motion to the Court to resolve this seeming impasse.

Very truly yours,

DAVID A. SEARLES

cc: James A. Francis, Esquire (via email)
    John Soumilas, Esquire (via email)

# EXHIBIT C

## David A. Searles

| | |
|---|---|
| **From:** | David A. Searles [dsearles@donovansearles.com] |
| **Sent:** | Friday, December 12, 2008 1:49 PM |
| **To:** | 'Schwartz, Andrew M.' |
| **Cc:** | 'Jim Francis' |

**Subject:** Serrano v. Sterling Testing

Andrew –

I am in receipt of the confidential documents you delivered to the office last night. My review of the documents, as well as your cover letter, indicate that the documents consist solely of procedure manuals.

As I stated in my email yesterday, there still remains un-answered and un-produced the following:

- the documents requested in Request Nos. 7, 18-21, 24 and 28. In addition, defendant's response indicated further documents would be forthcoming in response to Request Nos. 17, 19, 22, 23, 25. To my knowledge, those documents have still not been produced.

- **verified** answers to all Interrogatories, as well as any answer whatsoever to Interrogatories 5-9 and 21-24.

Nor have we been provided with the promised privilege log.

Plaintiff's discovery requests have been outstanding since July 15. We have been as patient as possible. I have sent you detailed letters on November 12 and December 2, as well as the follow up email yesterday, and yet we are still waiting. It is incumbent on us, as class counsel, to move the case forward. Therefore, I am advising you that should all outstanding discovery, as detailed in these previous communications, not be produced by Wednesday, December 17, we intend to file a motion to compel.

David A. Searles
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067 (telephone)
(215) 732-8060 (fax)
dsearles@donovansearles.com

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY SERRANO**, on behalf of himself and all others similarly situated, | **Civil Action No. 07-cv-4563-GP** |
| **Plaintiff,** | |
| **vs.** | |
| **STERLING TESTING SYSTEMS, INC.,** | |
| **Defendant.** | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Sterling Infosystems, Inc., incorrectly identified as Sterling Testing Systems, Inc. ("Sterling"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, responds as follows to Plaintiff's Interrogatories:

5.     Identify by name, address and telephone number each individual who made the decision to use or insert the Form Paragraph onto any consumer report.

**RESPONSE:**

**Objection.  This Interrogatory is unduly burdensome as it fails to define the scope and time for which a response is sought.  Subject to and without waiving this objection, Sterling directs plaintiff to its response to interrogatory #4.**

6.     Identify by name and address each individual who drafted, reviewed and/or approved the language contained in the Form Paragraph.

**RESPONSE:**

**Sterling is unable to determine this at this time.  The original draft of a form paragraph occurred in or around 2004 and had been reformulated over the course of time.  Sterling continually maintains its diligent commitment to compliance with the FCRA and state regulations.  As a result of Sterling's commitment to compliance, it has not been subject to any regulatory actions or consumer complaints relating to the subject paragraph, in any of its forms, until the instant lawsuit.  Therefore, the source of the precise language and the date of its inclusion on the investigative reports is difficult to ascertain, but investigation is ongoing.**

7.     Identify any attorney who gave the Defendant advice or counsel concerning the Form Paragraph, when such advice was provided, and the advice was provided, and the substance of the advice from counsel.

**RESPONSE:**

**Objection.  Sterling objects to this Interrogatory because it seeks confidential attorney work product.  Subject to and without waiving this objection, Sterling responds that it is unable to determine the identity of the attorney(s) who provided advice or counseling concerning the Form Paragraph.  Because the paragraph was**

3

8.     Identify by title, author, subject, and date any documents or communications relating to the Form Paragraph or relating to that Form Paragraph.

**RESPONSE:**

**Objection.  Sterling objects to this Interrogatory to the extent that it seeks confidential and privileged communications.  Subject to and without waiving this objection, Sterling refers plaintiff to its responses to Interrogatories 6 & 7 and is in the process of securing any such communications, to the extent they exist.**

9.     Identify every communication and every person who, within the previous five years, recommended any changes to the language or text of the Form Paragraph.

**RESPONSE:**

**Sterling refers plaintiff to its responses to Interrogatories 6, 7 and 8.**

21.   Identify in detail the facts which you rely for each affirmative defense listed in your Answer.

**RESPONSE:**

**Sterling refers Plaintiff to its affirmative defenses. However, the conduct of Sterling was clearly reasonable and could not be construed as willful. Therefore, neither Plaintiff nor the putative class would be entitled to recovery premised on, at most, a negligent violation of the FCRA. Additionally, Sterling maintains the class definition is fatally flawed. Plaintiff's counsel conceded at oral argument on the Motion to Dismiss, that if Sterling had no knowledge of a putative class member's annual pay and the annual pay could have reasonably exceeded 75k, then there would be no class-wide violation of the FCRA. In fact, this concession traces the specific language of the applicable statute. Even where Sterling is able to identify individuals whose consumer reports contained the subject paragraph, the inquiry to ascertain the class does not end there. Plaintiff will need to subpoena each of Sterling's clients for**

**salary information for all positions offered in the two-year period preceding the filing of the complaint, as to each identified individual for whom such report was issued. Further, the putative class would necessarily consist not only of individuals who were hired by these employers, but all individual applicants for each position offered by each prospective employer before being able to ascertain and distinguish appropriate class members from the putative class members who applied for, or were otherwise not hired for, a position with annual pay that was reasonably would have exceeded $75,000. It is clear that, under the facts presented in <u>Serrano</u>, plaintiff can only proceed on an individual basis or the parties will be compelled to conduct mini-trials for each of the approximately 10,874 individuals whose consumer reports contained the subject paragraph, to determine whether they are appropriate members of the class.**

22.    Other than arrest records, describe in detail any other types of credit information that is older than seven years that you maintain in any database but do not sell unless an employer verifies that a particular job has a salary of $75,000 or more?

**RESPONSE:**

**Objection. Sterling objects to this Interrogatory because it is unduly burdensome and because it seeks proprietary and confidential information which is not relevant to the claims asserted in the Complaint and which is not reasonably likely to lead to relevant information. Additionally, Sterling objects to this Interrogatory because the term "sell" is not defined and is unduly vague.**

23.    Under what circumstances, if any, do you place credit information on consumer reports that is older than seven years?

**RESPONSE:**

**Objection. Sterling objects to this Interrogatory because it is unduly burdensome and because it seeks proprietary and confidential information which is not relevant to the claims asserted in the Complaint and which is not reasonably likely to lead to relevant information. Subject to and without waiving these objections, Sterling responds that it does not place credit information on consumer reports that is older than seven years unless that information is permitted under the FCRA and under relevant state law.**

24.   Identify and list the total number of consumer disputes from October 30, 2005 to the present alleging that Defendant made a mistake or otherwise inaccurately reported any arrest information about them.

**RESPONSE:**

**Sterling does not possess the ability to segregate the number of consumer disputes pertaining to arrest information from other consumer disputes.**

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
    Andrew M. Schwartz, Esquire
    Attorney for Defendant, Sterling
    Infosystems, Inc.

Date: <u>November 6, 2008</u>

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY SERRANO**, on behalf of himself and all others similarly situated, | **Civil Action No. 07-cv-4563-GP** |
| **Plaintiff,** | |
| **vs.** | |
| **STERLING TESTING SYSTEMS, INC.,** | |
| **Defendant.** | |

## RESPONSES OF DEFENDANT TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Sterling Infosystems, Inc., incorrectly identified as Sterling Testing Systems, Inc. ("Sterling"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, responds as follows to Plaintiff's Request for Production as follows:

7. Any document showing who drafted, reviewed and/or approved the use of the Form Paragraph in consumer reports sold or produced by the Defendant to any third party.

**RESPONSE:**

> **Objection.  This Request is not restricted in scope or as to time, rendering it vague and unduly burdensome.  Subject to and without waiving this objection, Sterling responds, because the subject paragraph has been modified since 2004, Sterling is unable to locate any documents, including emails, that discuss or reflect modifications of the subject paragraph over the years, including documents showing who drafted, reviewed or approved the use of the subject paragraph. However, investigation is ongoing.**

17.   Any minutes, records, notes, memoranda, e-mails, or other documents referring to Defendant's policies and procedures for the use of the Form Paragraph and similar language.

**RESPONSE:**

> **Objection.  Sterling objects to this request as it is unduly burdensome as to its scope and as to its vague reference to "similar language". Subject to and without waiving these objections, Sterling will provide all records or other documents in its possession that refer to its procedures for the use of the subject paragraph upon execution of an appropriate confidentiality order.**

18.    Any document that you received from any attorney providing you with any advice of counsel relating to the use of the Form Paragraph, including all legal research.

**RESPONSE:**

**Sterling possesses no such documents, pending further investigation, but will produce all non-privileged documents from attorneys, if further investigation reveals the existence of such documents. Additionally, to the extent that such documents are discovered, Sterling will provide a privilege log to the extent Sterling possesses privileged communications. Investigation is ongoing.**

19.    Any document relating to any advice from counsel, including any opinion letter, related to Plaintiff's claims.

**RESPONSE:**

**Sterling possesses no such documents at this time but will produce all non-privileged documents from attorneys, if further investigation reveals the existence of such documents. Additionally, to the extent that such documents are discovered, Sterling will provide a privilege log to the extent Sterling possesses privileged communications. Investigation is ongoing.**

20.    Any document identifying every public source that you have used to acquire arrest and conviction records from any court or government agency from October 2005 to the present.

**RESPONSE:**

**Objection.  Sterling objects to this Request because this Request seeks confidential and proprietary business documents and because this request is irrelevant to the claims asserted and is and not reasonably calculated to lead to discoverable information.**

6

21.    Every document recommending or suggesting any change to the
language or text of the Form Paragraph referenced in Plaintiff's Complaint.

**RESPONSE:**

> **Sterling will produce all non-privileged documents containing any
> recommendations or suggested changes to the text of the subject
> paragraph, if such documents exist and where such documents are
> not otherwise privileged.**

22.    Any document(s) identifying the consumer report containing the
Form Paragraph that you have produced to third parties from October 2005 to
the present, including the reports themselves.

**RESPONSE:**

> **Sterling directs plaintiff to its response to Request #1 and
> Interrogatory Response #1.**

23.    Any document(s) identifying the third parties to whom Defendant
produced any consumer report containing the Form Paragraph from October
2005 to the present, including the reports themselves.

**RESPONSE:**

> **Objection.  Sterling objects to this Request because this Request seeks
> confidential and proprietary business documents and because this
> request is irrelevant to the claims asserted and is not reasonably
> calculated to lead to discoverable information.    Subject to and
> without waiving these objections, Sterling will provide its client list
> subject to a protective order.**

24.    All consumer files containing the Form Paragraph that you sold or
produced to any third party from October 2005 to the present.

**RESPONSE:**

**Objection.  Sterling objects to this Request because this Request seeks confidential and proprietary business documents and because the term "consumer files" is undefined, ambiguous and vague.**

25.    A copy of any and all contracts or agreements between Edens

Corporation and Defendant regarding the purchase of consumer reports.

**RESPONSE:**

**Objection.  Sterling objects to this Request because this Request seeks confidential and proprietary business documents.  Subject to and without waiving this objection, Sterling responds that it will provide it contract with Edens Corporation upon receipt of a confidential protective order to prevent the improper dissemination of these confidential business records.**

28.    All records of the attorney's fees and costs that Defendant incurred

and/or paid, or that have been paid by any insurance carrier on Defendant's

behalf, to counsel for the defense of this action.

**RESPONSE:**

**Objection.  Sterling objects to this Request because this Request seeks information that is irrelevant to the claims asserted and is not reasonably calculated to lead to discoverable information.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY SERRANO, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **C.A. No. 07-4563** |
| **v.** | |
| **STERLING TESTING SYSTEMS, INC.,** | **CLASS ACTION** |
| **Defendant.** | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL VERIFIED ANSWERS TO INTERROGATORIES AND DOCUMENT REQUESTS

This case concerns issues, *inter alia*, regarding the Defendant Sterling Testing Systems, Inc.'s compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., as amended ("FCRA"). Section 1681c of the FCRA requires a consumer reporting agency to exclude adverse items of information in any consumer report which antedate the consumer report by more than seven years and are not otherwise exempt. Plaintiff contends that Defendant pursues a common practice and policy in violation of this statutory requirement.

On May 30, 2008, this Court denied Defendant's motion to dismiss Plaintiff's Complaint. *Serrano v. Sterling Testing Systems, Inc.*, 557 F.Supp.2d 688 (E.D. Pa. 2008). Thereafter, a Scheduling Order was entered and Plaintiff served discovery in the nature of interrogatories and document requests. This history of the Defendant's refusal to supply full and complete answers to the discovery over the last several months is set forth in the foregoing Motion and attached Exhibits.

Plaintiff's position as to the discoverability of the outstanding discovery requests is set forth in counsel's communications to Defendant in an attempt to resolve the discovery disputes,

which are incorporated herein. *See* Exhibits A-C to foregoing Motion. Essentially, Plaintiff seeks information relevant to both his request that the case be certified as a class action and as to the facts underlying the merits of his claims under the FCRA.

### A.   Identity of Persons With Knowledge

Interrogatories 5-9 and Document Requests 7, 17, 19, 21 and 22 seek the identity of individuals involved in the decision to use the Form Paragraph in consumer reports or otherwise having knowledge thereof. Defendant has either refused to produce this information, or stated the investigation is ongoing, but has not to date reported any updates on such investigation. The requests also seek the substance of communications concerning the Form Paragraph, as to which Defendant has claimed privilege, but has not complied with the requirements of Rule 26(b)(5)(A) in this regard. *See infra.*

### B.   Facts Underlying Affirmative Defenses

Interrogatories 21-23 seek the facts underlying affirmative defenses and the circumstances of the reporting of credit information concerning Plaintiff and the Class. Instead of supplying facts, Defendant engages in legal argument and makes the frivolous objection that the term "sell" is not defined. (Response to Interrogatory 22). Plaintiff is entitled to facts.

### C.   Issue of Willful Conduct

Many of Defendant's objections are connected to its defense that it did not act willfully. A defendant in a FCRA case may be liable for statutory damages if the defendant acted willfully in failing to comply with the statute. 15 U.S.C. § 1681n. Defendant has raised its purported lack of willfulness as an affirmative defense. (Doc. 20, at p. 9). Plaintiff believes that, in addition to being an element of the merits of his case, the question whether a defendant engaged in willful conduct is one of the common legal issues supporting class certification in this matter. 15 U.S.C.

§ 1681n(a)(1)(A), discussed in *Korman v. The Walking Company*, 503 F.Supp.2d 755 (E.D. Pa. 2007).

"Willful" for purposes of the FCRA was defined in *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201, 2209 (2007), as knowing and reckless, or in reckless disregard of a statutory duty. *Korman*, 503 F.Supp.2d at 757; *Edwards v. Toys "R" Us*, 2007 WL 4395298 (C.D. Cal. Nov. 5, 2007). Whether Defendant acted willfully in failing to comply with the FCRA is the underlying liability question in this case and consequently an area open to discovery. *See Edwards v. Toys "R" Us*, 2007 WL 4395298 at *8-10.

Defendant apparently intends to defend against Plaintiff's claims by asserting that it did not act willfully in failing to comply with the FCRA. Plaintiff is therefore entitled to inquire into the factual background of Defendant's conduct. Some of that factual background should include advice of Defendant's counsel or from other persons regarding the question of complying with the FCRA statutory requirements on reporting adverse action.

If Defendant intends to defend on the basis that its counsel believed Defendant's conduct to be FCRA compliant, then, according to some courts, those communications which would otherwise be privileged are discoverable. *See Claffey v. River Oaks Hyundai, Inc.*, 494 F.Supp.2d 976 (N.D. Ill. 2007). In this Circuit, a Third Circuit decision which pre-dates the Supreme Court's decision in *Safeco*, might suggest a different result. *See Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994) (while attorney's advice may be relevant to the matters in issue, the privilege applies as the interests it is intended to protect are still served by confidentiality). However, the Supreme Court's test laid out in *Safeco*, that a finding of willfulness under the FCRA requires inquiry into a defendant's state of mind in analyzing a statute and deciding whether and how to comply with the law's requirements,

suggests that the *Rhone-Poulenc Rorer* generalities about attorney-client privilege might well not apply in the context of this case.

But in any event, the Rules require that Defendant, if it indeed claims the privilege, must at a minimum produce an appropriate privilege log. Fed.R.Civ.P. 26(b)(5)(A); *Winner v. Etkin & Co., Inc.*, 2008 WL 2486130, *4 (W.D. Pa.. June 17, 2008) (objecting party must establish that lawyers involved were acting in a legal rather than business capacity or that the documents contain privileged client communications, as opposed to mere business or factual information). Defendant, after multiple requests, has still not produced such a log, so there is no way that the Court or counsel can adequately assess the privilege claim.

For all these reasons, Plaintiff Gary Serrano respectfully requests that relief be granted as set forth in the accompanying proposed Order.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated: December 31, 2008

James A. Francis
John Soumilas
100 S. Broad Street, 19th Floor
Philadelphia, PA  19110
(215) 735-8600

**DONOVAN SEARLES, LLC**

By:   *s/ David A. Searles*
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on this date and that service is therefore being made electronically on the following:

Andrew M. Schwartz, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

*/s/ David A. Searles*
David A. Searles

DATED:  December 31, 2008