IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY SERRANO, on behalf of himself and all others similarly situated, | : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 07-4563 |
| v. | : : | |
| STERLING TESTING SYSTEMS, INC., | : : | |
| Defendant. | : | |

## ORDER

AND NOW, this 7th day of May, 2010, upon consideration of the Motion for Final Approval of Settlement (Docket No. 45) and the Motion for Award of Attorneys' Fees and Reimbursement of Expenses and Award to Representative Plaintiff (Docket No. 46), and following a fairness hearing on December 16, 2009, in accordance with Federal Rule of Civil Procedure 23, it is hereby ORDERED that both motions are GRANTED as outlined in this Order and the accompanying Memorandum.

Based on the Court's review of the proposed Settlement Agreement and the submissions of the parties, and having conducted a hearing on the matter, the Court determines as follows:

1. This action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendant has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arms'-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the releases of statutory damages claims only against the Released Parties, as that term is defined in the Settlement Agreement.

7. No class members have excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order.

8. The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement

Agreement.

9. It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

Accordingly, it is ORDERED that:

1. This action is finally certified as a class action against Sterling Testing Systems on behalf of a Class defined as follows:

> All persons in the United States and its territories, from October 30, 2005 and continuing the date hereof, who were the subject of a consumer report sold by Defendant in connection with their employment that contained language substantially similar to the Form Paragraph in the letter attached to the Complaint, with respect to the following cause of action: for statutory damages only for willful violation of section 1681c of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

2. The Settlement Agreement submitted by the parties, specifically including Sterling's agreement to forever refrain from the practice challenged in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Agreement in accordance with its terms.

3. This action is hereby dismissed on the merits, with prejudice and without costs.

4. As agreed by the parties in the Settlement Agreement, upon the Effective Date, Sterling and its parents, subsidiaries, affiliates, divisions, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives,

insurers, agents and attorneys (collectively the "Released Parties"), shall be released from claims for statutory damages under the FCRA that were asserted in the Lawsuit arising from or relating to the conduct complained of therein. Because the Settlement Class is comprised of members asserting claims for statutory damages only, claims for actual damages are specifically excluded from this release. Further, upon the Effective Date, Sterling, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiff, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

5. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Sterling Testing Systems and each member of the Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to

have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

6. Plaintiffs' counsel's litigation expenses and fees are hereby approved by the Court in the amount of three hundred forty thousand and nine hundred dollars ($340,900.00). The Court approves a payment to the Class Representative, Gary Serrano, in the amount of one thousand dollars ($1,000.00) in consideration of his individual claims against the Defendant and for the valuable service he performed for and on behalf of the Class.

7. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment and then close this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE